IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PHILIP P. HALL, )
 )
      Plaintiff, )
 )
v. ) No. 2:09-CV-086
 )
STATE OF TENNESSEE and )
TENNESSEE DEPARTMENT OF )
MENTAL RETARDATION SERVICES, )
 )
      Defendants. )

**MEMORANDUM OPINION**

      This civil action is before the court on defendants' partial motion to dismiss [doc. 7]. Plaintiff has not responded to the motion within the time allowed by the Federal Rules of Civil Procedure and the local rules of this court. *See* Fed. R. Civ. P. 6(a), (d); E.D. TN. LR. 7.1(a). Although "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought," E.D. TN. LR. 7.2, the court must nonetheless examine the motion to ensure that the sought-after relief is warranted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Having done so, for the reasons that follow defendants' motion will be granted in part and denied in part.

I.

*Background*

According to the complaint, plaintiff was formerly employed by defendants at the Greene Valley Developmental Center from January 2006 through June 2008. He alleges that defendants subjected him to race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.

II.

*Analysis*

Defendants first argue that the Eleventh Amendment immunizes them from suit under § 1983. They are correct. Section 1983 does not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Plaintiff's § 1983 claim must accordingly be dismissed.

Similarly, 42 U.S.C. § 1981 also does not abrogate Eleventh Amendment immunity. *See Freeman v. Mich., Dep't of State*, 808 F.2d 1174, 1179 (6th Cir. 1987). To the extent that plaintiff's complaint could be read as alleging a violation of § 1981, defendant's motion will be granted and plaintiff's § 1981 claim will be dismissed.

Next, defendants' motion will be granted as to plaintiff's claim for punitive damages under Title VII. Governments, governmental agencies, and political subdivisions are exempted from Title VII's punitive damages provision. *See Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998) (citing 42 U.S.C. § 1981a(b)(1)).

Lastly, defendants ask for dismissal, on statute of limitations grounds, of all claims involving alleged violations occurring prior to April 28, 2008. The court views this argument as premature. Defendants may resurrect this argument in a subsequent dispositive motion, at which time the parties will be expected to brief any relevant exception which might toll the statute of limitations in this case. *See, e.g., EEOC v. Penton Indus. Publ'g Co.*, 851 F.2d 835, 838 (6th Cir. 1988).

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge