UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PHILLIP HALL )
)
V. ) NO. 2:09-CV-86
)
STATE OF TENNESSEE, *ET AL.* )

## **MEMORANDUM AND ORDER**

As pared down by a prior order of this court,[1] this is an action filed under Title VII of the Civil Rights Act of 1964. Plaintiff alleges that he was subjected to race discrimination, a hostile work environment, and retaliation during the time he was employed by Greene Valley Developmental Center in Greeneville, Tennessee.

On March 17, 2011, the defendants moved for summary judgment (Doc. 39). A response to the motion was due on or before April 11, 2011. To date, there has been no response. Because plaintiff represents himself, the court has delayed ruling on the motion. However, the trial date is June 7, 2011, and the final pretrial conference is scheduled for May 16, 2011. Further postponement of any consideration of the defendants' motion will force the parties to prepare for trial, perhaps needlessly, thus frustrating the purpose of Rule 56.

According to his complaint, plaintiff asserts that he is African-American. As such, he was and is a member of a protected class. He claims that he began his employment with Greene Valley Developmental Center ("Greene Valley") in January 2006, and that he was

---

[1] Doc. 10.

almost immediately subjected to race-based harassment by various employees of Greene Valley. He claims that after he complained of specific incidents of race-based harassment by co-workers, he was transferred to another shift in retaliation for making that complaint. He finally asserts that he was terminated from his employment in June 2008 and that his firing was merely a pretext for his earlier complaint of discrimination.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court may not weigh the evidence, nor may it judge the credibility of witnesses or determine the truth of any disputed matter. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). *To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. Id.*, at 322. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

The party opposing a Rule 56 motion – in this case, the plaintiff – may not simply rest on the allegations of his complaint; rather, he must affirmatively present competent evidence sufficient

to establish that there exists a genuine issue of material fact that necessitates a trial. *Anderson*, 477 U.S. at 256.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e – 2(a)(1).

Defendants have filed a Statement of Undisputed Facts, Document 41. Further, defendants have filed the affidavit of Timothy Garner,[2] plaintiff's supervisor. Garner's affidavit recites that it was he who moved plaintiff from second to third shift, and that he did so because of plaintiff's training and experience, not because he intended to harass, discriminate, or retaliate against plaintiff. Garner's affidavit also recites that, during the time he supervised plaintiff, plaintiff never reported to him any incidences of racial harassment, discrimination, or retaliation.

Defendants also filed the affidavit of Lynda Overholt,[3] who was the Director of Human Resources for Greene Valley during the relevant time period. Ms. Overholt states in her affidavit that she investigated plaintiff's claims of racial harassment and discrimination, and she was able to corroborate only two of the incidents of which he complained. One of those incidents involved the transfer of plaintiff from second to third shift, and her investigation revealed that the transfer was to insure that the move was necessary to insure that Greene Valley had an adequately trained

---

[2]Doc. 44.

[3]Doc. 45.

staff covering the particular shift to which plaintiff was transferred, and there was no evidence indicating that he was transferred in an attempt to harass him, or discriminate or retaliate against him. Ms. Overholt also confirmed that a co-worker used the word "nigger" in plaintiff's presence, as a result of which that co-worker was given an oral warning and required to attend a "Respectful Workplace" training course.

Ms. Overholt's affidavit also reflects that plaintiff had an extremely poor work attendance record. In December 2007 he was absent twelve days; in January 2008, he was absent five days; in February 2008 he was absent from work for fourteen days; in March 2008, he was absent seventeen days; and in April 2008 he was absent eleven days.

Ms. Overholt states in her affidavit that the last day plaintiff reported to work at Greene Valley was April 24, 2008. On May 21, 2008, Greene Valley sent Mr. Hall a letter requesting that he contact the facility before May 29, 2008, or he would be considered to have voluntarily abandoned his job. Plaintiff did not contact Greene Valley, and on June 2, 2008, plaintiff was terminated for job abandonment.

Rule 1120-2-14(5) of the Tennessee Department of Human Resources, which addresses "Tenure, Suspension, and Separation – Job Abandonment" reads as follows:

> An employee who is absent from duty for more than three (3) consecutive business days without giving notice to the appointing authority or appropriate manager concerning the reason for such actions and without securing permission to be on leave . . . is considered as having resigned not in good standing.[4]

As noted, plaintiff's response to the motion for summary judgment is long-overdue.

---

[4] Statement of Material Facts, Doc. 41, ¶ 12; Affidavit of Overholt, Doc. 45.

The affidavits of Mr. Garner and Ms. Overholt are uncontradicted. Plaintiff has the burden of coming forward with facts that necessitate a trial. Initially, he must establish a *prima facie* case of race discrimination, *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000), and he has failed to do so. According to his complaint, he was subjected to discrimination when he was asked to move from second to third shift in April 2006. Based on the affidavits of Garner and Overholt, his transfer from one shift to another was for legitimate business reasons, not for the purpose of harassing plaintiff, or retaliating against him for complaining of racial harassment.

Regarding his allegation that his termination in June 2008 was in retaliation for his prior complaints of racial harassment, the undisputed affidavits of Overholt and Garner clearly indicate that he was fired because he never reported to work. Twenty-seven employees of Greene Valley have been fired since June 2006 for job abandonment or failing to report for work, including plaintiff, and the majority of these twenty-seven individuals were white. Plaintiff was treated no differently than that majority.

There are no disputed issues of fact. Plaintiff has failed to make out a *prima facie* case of race discrimination, as a result of which his suit must be dismissed.

It is therefore **ORDERED** that plaintiff's suit is **DISMISSED** with prejudice.

SO ORDERED:

        s/ Dennis H. Inman
        United States Magistrate Judge